IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY
STATE OF OKLAHOMA

LASTER RESTORATION, INC., )
    Plaintiff )
)
v. ) Case No.: **CJ-2014-3?**
) FILED IN THE DISTRICT COURT
UNION PACIFIC RAILROAD ) ROGERS COUNTY OKLAHOMA
COMPANY, )
) JAN 23 2014
    Defendant )
KIM HENRY, COURT CLERK

### PETITON FOR DAMAGES

1. Plaintiff Laster Restoration, Inc. ("Laster") is a corporation formed under the laws of the State of Oklahoma. Laster owns the real and personal property made the subject of this action.

2. Defendant Union Pacific Railroad Corporation ("Union Pacific") is a corporation formed under the laws of the State of Delaware which is lawfully qualified to conduct, and does conduct, business in the State of Oklahoma.

3. The claims alleged herein arose out of Union Pacific's actions within Rogers County, State of Oklahoma.

4. This Court has jurisdiction over the parties and venue is proper in this Court.

### CLAIM I – NEGLIGENCE

5. On or about January 24, 2012, a train operated by Union Pacific derailed and travelled alongside of and outside of its right-of-way and came to rest upon real property owned by the Plaintiff.

6. The Defendant Union Pacific was negligent in one or more of the following particulars:

    (a) Failing to keep a proper lookout;

    (b) Operating the train at an unlawful speed;



(c) Operating the train at an excessive speed that was unsafe under all of the facts and circumstances;

(d) Failing to exercise due care and caution under all of the facts and circumstances;

(e) Failing to brake under circumstances where and when it would have been reasonable to do so;

(f) Failing to prevent, respond to or avoid "an essentially local safety hazard" and/or a "specific, individual hazard";

(g) Operating a defective train with defective or unsafe equipment and appliances;

(h) Failing to maintain tracks and facilities in a safe condition;

(i) Failing to follow and comply with company policies and procedures and the directives and regulations of governmental bodies; and

(j) Otherwise, in ways not now known to the Plaintiff, by failing to operate the train in a safe, careful and reasonable manner.

7. After the derailment, the Defendant was negligent in not promptly and carefully removing the derailed cars and their contents, not promptly and carefully remediating the spillage of contents upon the Plaintiff's property and, in other ways not now known to the Plaintiff, in failing to clean up, remove and remediate the results of the derailment on the Plaintiff's property.

8. The negligent actions of the Defendant caused damage to the real property, personal property and rights of the Plaintiff in an amount to be proven at trial, but in any event, not exceeding $75,000.

## CLAIM II – RES IPSA LOQUITOR

9. The allegations contained in Paragraphs 1 through 8 are incorporated herein by

reference.

10. Alternatively, Plaintiff alleges that the damage to its real property, personal property and rights could not have occurred but for the negligence of the Defendant.

11. Defendant and Defendant's agents/employees were solely responsible for the operation, care, and maintenance of the train and its equipment and appliances and the railway and its tracks and facilities.

12. The causes for the derailment, and the resulting damage to the Plaintiff's property, were solely within the control of the Defendant and without negligence on the part of Defendant, there would have not been a train derailment or subsequent damage to the Plaintiff's property.

13. The actions of the Defendant caused damage to the real property, personal property and rights of the Plaintiff in an amount to be proven at trial, but in any event, not exceeding $75,000.

## CLAIM III – DAMAGE TO TIMBER

14. The allegations contained in Paragraphs 1 through 13 are incorporated herein by reference.

15. The derailed train, car or cars operated by Union Pacific caused damage to timber located and growing on the real property of the Plaintiff.

16. Plaintiff seeks damages pursuant to Okla. Stat. Ann., Title 23, § 72 in an amount to be proven at trial, but in any event, not exceeding $75,000.

## CLAIM IV – TRESPASS

17. The allegations contained in Paragraphs 1 through 16 are incorporated herein by reference.

18. As a result of the derailment, the Defendant's cars and the contents thereof entered and remained on the real property of the Plaintiff without privilege and without the consent of the

Plaintiff.

19. After the derailment, the employees, agents and invitees of the Defendant entered and remained on the real property of the Plaintiff without privilege and without the consent of the Plaintiff.

20. During such entries upon the Plaintiff's real property, the cars, the contents of the cars and the employees, agents and invitees of the Defendant caused damage to the real property, personal property and rights of the Plaintiff in an amount to be proven at trial, but in any event, not exceeding $75,000.

**WHEREFORE,** Plaintiff Laster Restoration, Inc. prays judgment for money damages against Defendant Union Pacific Railroad Corporation in an amount to be proven at trial, but in any event, not exceeding $75,000, and for such other relief that the Court finds to be just and equitable, including reasonable costs and attorney's fees.

Respectfully submitted,

**ELLER AND DETRICH,**
**A Professional Corporation**

By: _/s/ James C. Hodges_
James C. Hodges, OBA #4254
Mac D. Finlayson, OBA #2921
2727 East 21st Street, Suite 200
Tulsa, OK 74114
(918) 747-8900
(918) 747-2665 *facsimile*

**ATTORNEYS FOR PLAINTIFF**
**LASTER RESTORATION, INC.**

I:\MDF 131311\0002\Pleadings\Petition_Laster_FINAL_2014.01.23.docx